𝕾𝖙𝖆𝖚𝖓𝖙𝖔𝖓.

CAROLINA, CLINCHFIELD AND OHIO RAILWAY CO.
AND OTHERS v. HILL.

September 11, 1916.

1. TORTS—*Joint and Several—Negligence.*—Where there are several con-
   current negligent causes, the effects of which are not separable, though
   due to independent authors, either of which is sufficient to produce
   the entire loss, all are jointly and severally liable for the entire loss.
2. APPEAL AND ERROR—*Verdicts—Excessive—Damages.*—This court will not
   set aside, as excessive, the verdict of the jury assessing damages to
   real estate, where it appears that the injuries suffered by the plaintiff
   at the hands of the defendants were numerous and varied in character,
   and there is nothing in the record to suggest that the jury were actuated
   by passion or prejudice, and much to justify their conclusion.

Error to a judgment of the Circuit Court of Dicken-
son county in an action of trespass on the case. Judg-
ment for the plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Chase & Daugherty, Powell, Price & Simmonds, W. H.
Rouse* and *H. G. Morison,* for the plaintiffs in error.

*S. H. & G. C. Sutherland* and *T. L. Sutherland,* for
the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by the plaintiff, Elkanah
Hill, against Carolina, Clinchfield and Ohio Railway

and certain contractors, the defendants, to recover damages for injuries alleged to have been done the plaintiff's real estate.

It appears that the plaintiff owned a farm in Dickenson county, on the bank of Russell Fork river, a non-navigable stream, where he had resided for many years, containing one hundred and three acres, upon which he had a mill which had for many years done the grinding for the people of the mountainous section in which it was located. In 1912 the defendants commenced the construction of a railroad down Russell Fork river on the opposite bank from the plaintiff, which resulted in the injuries to the plaintiff which are herein complained of.

The evidence tends to sustain the following allegations of the declaration: That the defendants, while constructing the railroad along Russell Fork river opposite the plaintiff's land, by blasting, excavating, and the careless use of explosives, hurled rocks, dirt, stumps, trees and other material upon his land, destroying his vegetation, timber, brush, shrubbery, grass and orchards; tore down and destroyed his fences, walls and barns, damaged his fields, bottom lands, mill dam and water power, filled up his mill dam, choked his water wheel, mill race, mill appendages, and destroyed his mill site. The declaration further alleges that in constructing the railroad down the right bank, said embankment was so carelessly constructed out of loose material and so impinged upon the bed of the river that it diverted rain water, natural floods and freshets towards the left bank, so that a portion of plaintiff's bottom land was washed away and the loose material, gravel and stones from the embankment and banks and bottom land were washed in around the mill, and below the water fall, so as to fill up the

27

mill race, choke up the mill wheel, destroy the water power at that place, and divert the natural flow of the water away from the mill. By virtue of all which the plaintiff alleges that he is greatly damaged. The evidence further tends to show that the Yellow Poplar Lumber Company was engaged in removing from this section large quantities of lumber, which was done by floating or *splashing* the same down the river. This was accomplished by building in the river large *splash* dams which floated the logs out and down the river; that in March, 1913, an unusual freshet occurred in which great numbers of logs floated by the plaintiff's mill, thereby, as contended, contributing to the injuries complained of.

The trial resulted in a verdict and judgment in favor of the plaintiff for $2,000, which we are asked to review.

The objections taken to the action of the court in giving, refusing and modifying instructions all involve the contention of defendants, that the *splashes* of the Yellow Poplar Lumber Company largely contributed to the damage sustained by the plaintiff, and that there could be no recovery in this action for that part of the damage properly chargeable to the Yellow Poplar Lumber Company; that where there are several concurrent causes due to independent authors, neither being sufficient to produce the entire loss, then each of the several parties concerned is liable only for the injuries due to his negligence.

In support of this contention the defendants rely upon the case of *Pulaski Coal Co.* v. *Gibboney Sand Bar Co.*, 110 Va. 444, 66 S. E. 73, 24 L. R. A. (N. S.) 1185. In the case cited the plaintiff owned a bar of valuable marketable sand and gravel, and a number of independent mine owners, each engaged in operating

his separate mine, deposited their slack, slate, culm and mine refuse in and along the banks of New river, where it was carried down and thrown upon the sand bar of the plaintiff, thereby causing the damage complained of. The plaintiff sued one of the mine owners to recover the entire damage sustained from all of them. There was a verdict and judgment in favor of the plaintiff, which this court reversed, holding that under the facts there presented, "the case came within the line of authorities dealing with pollution of streams, the pollution causing damage to health or property;" further holding that "where there are several concurrent negligent causes, the effects of which are separable, due to independent authors, neither being sufficient to produce the entire loss, then each of the several parties concerned is liable only for the injuries due to his negligence."

In the case at bar the facts are wholly different from those in the case cited and relied on by the defendants. There is here no question of the pollution of the stream, and the doctrine in such cases is not applicable to the facts involved in the case under consideration. It does not satisfactorily appear from the evidence what, if any, part the Yellow Poplar Lumber Company had in bringing about the injuries sustained by the plaintiff. If the lumber company caused any part of the damage, it is manifest from the evidence that it would be impossible to separate the effects and ascertain what part of the injury was attributable to its negligence. It is further clear from the evidence in the present case that the acts of the defendants alone were sufficient to have produced the entire damage complained of. Under the circumstances disclosed by the record, it is immaterial how many others may have been in fault, if the defendant's act was an efficient cause of the injury.

The doctrine is thoroughly established that where there are several concurrent negligence causes, the effects of which are not separable, though due to independent authors, either of which is sufficient to produce the entire loss, all are jointly or severally liable for the entire loss.

In *Carlton* v. *Boudar*, 118 Va. 521, 88 S. E. 174, quoting from Shear & Red. on Neg., sec. 31, it is said: "If the injuries caused by the concurrent acts of two persons are plainly separable, so that the damages caused by each can be distinguished, each would be liable only for the damages which he caused; but if this is not the case, all persons who contribute to the injury by their negligence are liable jointly and severally for the whole damage."

In *Jeremy Imp. Co.* v. *Com'th*, 106 Va. 482, 56 S. E. 224, it is said: "It is no defense, however, that the nuisance complained of is contributed to by the acts of others over whom the defendant has no control, if there should be a nuisance without such contribution."

In *Walton, Witten & Graham* v. *Miller*, 109 Va. 210, 63 S. E. 458, 132 Am. St. Rep. 908, it is said: "The weight of authority will, we think, support the more general proposition, that when the negligence of two or more persons concurs in producing a single indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design or concert of action."

In *Arminius Chemical Co.* v. *Landrum*, 113 Va. 7, 73 S. E. 459, 38 L. R. A. (N. S.) 272, Ann. Cas. 1913 D, 1075, Judge Buchanan, in commenting upon an instruction, says: "It seems to have been based upon the principle announced in *Grand Trunk Co.* v. *Cummings*, 106 U. S. 700, 1 Sup. Ct. 493, 27 L. Ed. 266, in which

it was held that, where separate and independent acts of negligence of two parties are the direct cause of a single injury to a third person, and it is impossible to determine in what proportion each contributed to the injury, either is responsible for the whole injury; and this although his act alone might not have caused the entire injury, and although, without fault on his part, the same damage would have resulted from the act of another."

In 21 Am. & Eng. Enc. of Law 495, it is said: "To show that other causes concurred in producing, or contributed to the result is no defense to an action for negligence. There is indeed no rule better settled in the present connection, than that the defendant's negligence, in order to render him liable, need not be the sole cause of the plaintiff's injuries." *Idem* 496. It is further said: "Where the negligence of two or more persons acting independently, concurrently results in an injury to a third, the latter may maintain his action for the entire loss against any one or all of the negligent parties, it not being essential to the maintenance of a joint action against several for negligence that they should be engaged in a common enterprise or sustain any relation whatever between themselves."

We are of opinion that, under the evidence of record, and in the light of the authorities cited, the plaintiff had the right to sue for and recover from the defendants alone, the entire damages sustained by him, and, therefore, the action of the circuit court in giving, refusing and modifying instructions was without prejudice to their rights.

The defendants further contend that the verdict was excessive and should be set aside for that reason. This was peculiarly a case for a jury to deal with the subject of the quantum of damages. The injuries

suffered by the plaintiff at the hands of the defendants were so numerous and varied in character that it would be unwise for an appellate court to set up its judgment in such a matter against that of the jury, who, under the law, must determine the facts. There is certainly nothing in the record to suggest that the jury was actuated by passion or prejudice, and much to justify their conclusion.

For these reasons the judgment complained of must be affirmed.

*Affirmed.*