RINEHART & DENNIS CO. v. CHILDRESS & TAYLOR.

(Circuit Court of Appeals, Fourth Circuit. February 13, 1919.)

No. 1675.

1. EVIDENCE ☞96(2)—ACTION ON CONTRACT.
   A railroad contractor, sued by subcontractors, *held* to have the burden of proving as an affirmative defense that damage for which it paid a judgment to a landowner was caused by unskillfulness or negligence of plaintiffs, for which they contracted to be responsible.

2. EVIDENCE ☞332(1)—RECORD IN ANOTHER SUIT.
   The record on appeal in an action in a state court, including evidence, *held* not admissible in an action in a federal court between two of the defendants, in which the issues were not the same.

In Error to the District Court of the United States for the Western District of Virginia, at Big Stone Gap; Henry C. McDowell, Judge.

Action by Childress & Taylor against the Rinehart & Dennis Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

G. M. McNutt, of Charlottesville, Va. (A. P. Walker, of Charlottesville, Va., on the brief), for plaintiff in error.

S. H. Sutherland, of Clintwood, Va. (Geo. C. Sutherland, of Clintwood, Va., on the brief), for defendants in error.

Before PRITCHARD and WOODS, Circuit Judges, and CONNOR, District Judge.

CONNOR, District Judge. The transcript discloses the following case:

The Carolina, Clinchfield & Ohio Railway Company entered into a contract with Rinehart & Dennis Company for the construction of a line of railway between Elkhorn City, Ky., and Dante, Va. Rinehart & Dennis Company, hereafter referred to as plaintiff in error, sublet a portion of the work to Childress & Taylor, hereinafter referred to as defendants in error. It was provided in the contract between these parties that the work was to be done by the subcontractors in all respects in accordance with the plans, specifications, directions, and orders of the chief engineer of the railway company.

The subcontractors assumed all liability and agreed to indemnify the contracting company against all loss or damage "sustained by depositing material to public injury or to the injury of any person or corporation, including cost and expense of defense, provided they be notified of the bringing suit and be permitted to defend." They also assumed responsibility for all damage done by their workmen, during the performance of the work, to property adjacent to said line of railway, in consequence of their unskillfulness or negligence. If any such damage was done, the chief engineer should have the right to settle and pay the same, and to deduct the amount thereof from the payments to be made under the contract. Payments were to be made on account of the work and material upon the estimates certified by the chief engineer, and when he certified that the work was completed and accepted, final payment was to be made—such certificate to be conclusive, the subcontractors executing a release from all claims and demands whatsoever growing in any manner out of the agreement.

On July 31, 1914, the defendants in error received from the engineer the "final estimate" of the work done and material furnished under the contract, showing a balance due them thereon of $8,328.29. On the 28th of May, 1917, defendants in error brought an action in assumpsit against plaintiff in error for the recovery (among other items) of this balance, filing with their declaration a statement of account or bill of particulars of which said amount constituted the first item.

[1] Plaintiff in error pleaded nonassumpsit and filed their "grounds of defense," in which the balance on "final estimate" was included among other items. Among other grounds of defense it set forth that, between February 1, 1915, and October 1, 1916, it paid, in discharge of a judgment, interest, and cost recovered in the state court, by one Hill against the railway company, plaintiffs in error, and defendants in error, jointly, the sum of $2,816.72, which it claimed as a

credit or set-off on account of the balance due plaintiffs on the "final estimate." Upon the trial, for the purpose of establishing this "ground of defense" credit, or offset, plaintiff in error offered in evidence "the pleadings and orders in the Elkanah Hill litigation in the circuit court of Dickerson county, Virginia." Upon objection of defendant in error, the District Judge stated that, in his opinion:

"The defense made in regard to this judgment was an affirmative defense, and therefore the burden was on plaintiff in error. It follows it cannot put in evidence in that trial the pleadings and evidence in the Hill case, unless it avowed that it would introduce evidence tending to show either: (1) That the liability to Hill arose solely from the negligence or other wrongdoing of Childress and Taylor; or (2) evidence that will clearly and satisfactorily show that an ascertainable, definite part of the entire amount was due to the sole wrongdoings of Childress and Taylor."

Counsel, when asked whether they could make the avowal, responded that they could not do so. The court excluded the proposed evidence, and plaintiff in error excepted. It then offered to introduce a transcript of the record in the same case, the original writ of supersedeas from the Supreme Court of Appeals of Virginia, and the final order certified by the clerk of said court. This transcript included the evidence in said case sent up on appeal to the Supreme Court of Appeals of Virginia. This was also, upon objection, excluded, and plaintiff in error excepted.

No other evidence having been offered to sustain its contention in respect to the payment of the judgment in the Hill case, the court directed the jury to return a verdict for defendant in error in respect to that item. Plaintiff in error excepted, and assigns each of the said rulings of the court as error.

Passing the objection to the admissibility of the evidence, raised by defendant in error because the claim to deduct the amount of the Hill judgment from the amount found by the engineer to be due them, for that it was not pleaded as a set-off or payment, and not admissible under the plea of non assumpsit, and treating, as the District Judge did, the evidence as relevant to the issue, we proceed to inquire respecting the validity of defendant's exception.

The record in the case of Elkanah Hill v. Railway Co., the plaintiff in error, and defendants in error, jointly, discloses a declaration containing five counts, all of which aver that plaintiff was the owner, to the middle of the stream, of a tract of land lying on the waters of Russell Fork creek, upon which he had constructed and operated a mill; also that, upon said creek were rich, productive bottom lands used and cultivated by plaintiff.

The first count charges that defendants wrongfully trespassed upon said lands, and by the several means, elaborately set out, destroyed his milldam and injured the bottom lands. The second count charges that defendants wrongfully and unjustly erected and built a certain wall, bank, or mound in, along, and near the said creek, on the opposite bank to plaintiff's land, in a careless, negligent, and improper manner; that by reason thereof the plaintiff's land was overflowed, and covered with sand, stones, and gravel, to the injury of his mill and bottom

lands. The third count charges that the embankment was constructed to an unreasonable height, and extended so near to, and out so far in, the edge of the creek as to divert the water over plaintiff's land and wash away his bottom lands, banks, mill, etc. The fourth count charges that the embankment was built in a negligent, careless, and improper manner. The fifth count charges the negligent and careless construction of the embankment on the side of the creek opposite plaintiff's land and mill. All of said acts are alleged to have damaged plaintiff's land and mill.

The defendants jointly pleaded "not guilty," and the parties went to trial on the general issue. The jury returned a general verdict for plaintiff, and assessed his damages at $2,000. Judgment was rendered on the verdict against defendants jointly, and, upon appeal to the Supreme Court of Appeals of Virginia, this judgment was affirmed, Carolina, C. & O. R. Co. v. Hill, 119 Va. 419, 89 S. E. 902.

It would seem that plaintiff's cause of action, as set out in one or more counts of his declaration, was for the improper and wrongful location by the engineers of the roadbed and embankment along the banks of the creek, whereby he sustained the injuries of which he complains, while other counts are capable of the construction of an allegation of a negligent manner of performance of the work. For either wrongful act or trespass the defendants in that action were jointly liable to plaintiff. The liability of Childress & Taylor to Rinehart & Dennis Company for indemnity or exoneration for the amount paid by it in satisfaction of the judgment is dependent upon other principles of law. Defendants in error, Childress & Taylor, having introduced in evidence the "final estimate" of the engineer and the contract under which the work was performed, were entitled to recover the amount certified to be due, unless the Rinehart & Dennis Company by competent testimony, established either payment or a set-off to the full or partial amount of the claim. We concur with the District Judge that this was an affirmative defense, the burden of which was upon Rinehart & Dennis Company.

The law being settled that, save in exceptional cases, no action will lie between joint tort-feasors for contribution or exoneration, it became the duty of the Rinehart & Dennis Company to show that their claim for exoneration came within the exceptions to the general rule. This they could do, in the light of the contract, by showing either that, in the action brought by Hill against them jointly, the recovery was based upon some negligent act for which Childress & Taylor were alone liable, as for negligent performance of the work, or that the recovery was based upon some act of Childress & Taylor within the provisions of the contract against which they contracted to indemnify Rinehart & Dennis Company. The declaration alleged that the damage was sustained by reason of the joint negligence of the parties, in one of several ways—a joint trespass; a wrongful erection of the embankment; an unreasonable location and height of the embankment; a careless and negligent manner of doing the work. For injury sustained by Hill for one or more of the alleged wrongful acts, such as the location of the embankment, or its height, as fixed by the plans and specifica-

tions of the engineer, Childress & Taylor were not responsible to Rinehart & Dennis Company; but if the injury was inflicted upon Hill by the negligent manner of doing the work, they were responsible. Again, if the damage was sustained "by depositing materials, it came within the terms of the provision for indemnity."

In the absence of any specific or special pleas filed by the plaintiff in error in this action, by which the court and the defendants in error were informed as to its contention, it was proper and in accordance with the well-settled practice for the court to call upon counsel to state or avow in what manner they proposed to make the transcript relevant to the issue. In the absence of such evidence, the transcript was irrelevant and incompetent. As stated by the learned District Judge, its relevancy, and therefore its admissibility, was dependent upon plaintiff in error showing by evidence aliunde the transcript that the liability to Hill arose solely from the negligence or other wrongdoing of Childress & Taylor, or that an ascertainable definite part of the damages recovered was due to such negligence. The court may have admitted the transcript, and, upon failure of plaintiff in error to follow it up with such evidence, have stricken it from the record, or directed a verdict upon the record. The method or order of presenting the question was within the sound discretion of the District Judge.

Plaintiff in error is entitled to have its exception to the direction of a verdict on this claim considered as if it had introduced the transcript and rested. What occurred is equivalent to the declaration, by counsel, that this was what they proposed to do. By frankly saying to the court that they could not avow that they would introduce evidence tending to show a condition which would make the transcript relevant and a link in a chain of evidence tending to establish their right to have the amount paid in discharge of the judgment, deducted from the balance due defendant in error, they conceded that, with the transcript in evidence, such would be their attitude before the court. From this viewpoint, we concur with the District Judge that they had failed to carry the burden of proof which the law imposed upon them.

[2] For the reasons stated by the District Judge, we concur with him that the record, sent to the Court of Appeals of Virginia, containing the evidence, or only so much thereof, as was deemed necessary to present appellant's exceptions, was not competent. The issue being tried in that case was not the same as in this. The exceptions to the charge of the court in regard to the other items in the declaration were not pressed. The contention in regard to them was fairly submitted to the jury.

The judgment of the District Court will be affirmed.