# Richmond.

## HARRY H. LAVENSTEIN v. CLIFFORD B. MAILE.

April 29, 1926.

1. DEMURRER TO THE EVIDENCE—*Demurrer to the Evidence by One Defendant—Refusal to Permit Plaintiff to Introduce Further Evidence—Section 6117 of the Code of 1919.*—In the instant case, an action by plaintiff against two defendants for damage to plaintiff's automobile resulting from a collision alleged to have been caused by the negligence of the defendants, after plaintiff had rested his case in chief, one of the defendants demurred to the evidence on the ground that no evidence had been produced to show that the driver of one of the automobiles involved was his agent; whereupon counsel for plaintiff asked leave to recall the plaintiff as a witness for the purpose of supplying proof of such agency. This the court refused to permit on the ground that the plaintiff had closed his case and sustained the demurrer.

    *Held:* That under section 6117 of the Code of 1919, it was error on the part of the court to refuse to permit the plaintiff to introduce additional evidence; but although plaintiff might have complained of this action, the co-defendant (appellant) was not prejudiced thereby, nor by the court's refusal to permit the jury to assess damages against the demurrant before the case was further proceeded with.

2. JOINT TORT FEASORS—*Joinder—Plaintiff Might Elect to Sue Jointly or Severally.*—The general rule is that any number of tort feasors may be joined in the same action, where all are alleged to have participated in the wrong. They may be sued jointly or severally, at the election of the plaintiff; and this is. true notwithstanding there may exist a difference in the decree of liability, or the *quantum* of evidence necessary to establish such liability.

3. NEGLIGENCE—*Concurrent Negligence of Several Persons—Joint and Several Liability.*—When the negligence of two or more persons concurs in producing a single indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design, or concert of action.

4. AUTOMOBILES—*Collision—Co-Defendants—Demurrer to the Evidence by One Co-Defendant—Case at Bar.*—In the instant case, plaintiff brought suit against appellant and another for damages arising out of an

automobile accident. Appellant could not be held liable in any
course of procedure that plaintiff might have seen fit to adopt
unless it was shown that his negligence caused or concurred in the
wrong complained of. He, therefore, suffered no prejudice when,
upon demurrer to the evidence by the other defendant, the court
refused to permit the jury to retire and assess plaintiff's damages
against such other subject to the ruling of the court on the demurrer.

5. AUTOMOBILES—*Collision—Appeal and Error—Conflicting Evidence for
Jury.*—The instant case arose out of an automobile accident. The
testimony for the plaintiff was that just before the accident defend-
ant swerved his car to the left of the road. Defendant's testimony
·was to the effect that he did not turn to the left but at the time
of the accident his car was well over on the right side of the con-
crete roadway.

   *Held:*  That the question of fact presented by this conflict was for the
jury, and, the jury having resolved it in plaintiff's favor, the appel-
late court was bound to accept it as conclusively established that
at the time of the accident defendant was driving on the left side
of the concrete road.

6. NEGLIGENCE—*Violation of Statute or Ordinance—Proximate Cause.*—It
is well settled that where the violation of a statute or ordinance
is the proximate cause of the injury, or contributed thereto, the
wrongdoer is liable therefor.

7. STREETS AND HIGHWAYS—*Law of the Road—Rule of State Highway
Commission as to Meeting of Vehicles.*—The rule of the State High-
way Commission that all vehicles meeting others on the State
highway shall turn to the right of the center of the highway so as
to pass without interference, having been promulgated by duly
constituted authority for the safety of the traveling public, is
applicable to any case arising from a violation of its provisions.

8. AUTOMOBILES—*Law of the Road—Driving on the Left Side of the Road—
Case at Bar.*—The instant case was an action arising out of an automo-
bile accident. Plaintiff's car was following defendant's car at a
distance from thirty to fifty feet when they met a car coming from
the opposite direction which struck defendant's car, swerved and
then collided violently with plaintiff's car, thereby damaging it.
It appeared that defendant was driving on the wrong side of the
highway.

   *Held:*  That defendant was guilty of negligence in driving his car on
the left-hand side of the road, and that such negligence contributed
to the damage sustained by plaintiff.

9. NEGLIGENCE—*Concurrent Negligence—Joint Tort Feasors.*—If the con-
current negligence of two or more persons combined together results
in an injury to a third person he may recover from either or all.
And in determining the liability of either of two persons whose
concurrent negligence results in injury, the comparative degrees

of negligence are not to be considered, each being liable for the whole even though the other was equally culpable, or contributed in a greater degree to the injury, or the degrees of care used, is not to be considered. And where the negligent conduct of several at the same time and place combined in causing an injury, they acting in concert, all are liable, although they did not conduct themselves negligently by preconcert.

10. NEGLIGENCE—*Concurrent Negligence—Joint Tort Feasors.*—If the injuries caused by the concurrent acts of two persons are plainly separable, so that the damages caused by each can be distinguished, each would be liable only for the damage which he caused.

11. AUTOMOBILES—*Co-Defendants—Question of Liability of one of the Defendants for Jury—Case at Bar.*—In the instant case, an action for damages to plaintiff's automobile, the damage was caused when the car of defendant, driving on the wrong side of the road, was struck by a truck coming in the opposite direction which then swerved and struck plaintiff's car.

*Held:* That it was for the jury to determine whether the damages to plaintiff's car resulted from the concurrence of defendant's negligence or solely from the negligence of the driver of the truck.

12. STREETS AND HIGHWAYS—*Law of the Road—Concrete in the Middle of the Road—Case at Bar.*—In the instant case, an automobile collision, though defendant was driving too near the left side of the concrete road, the truck with which he collided had ample room to pass on the dirt section of the road. But the concrete was placed there for the use of the public traveling on the highway in both directions, was wide enough to allow automobiles to pass each other in safety, and one driver had no greater rights on the concrete than the other. It was defendant's duty, therefore, to keep to the right-hand side of the concrete when the truck was passing his car.

13. NEGLIGENCE—*Sudden Emergency—Automobiles—Ordinary Care for the Jury.*—An automobile driver who, by the negligence of another, and not by his own negligence, is suddenly confronted by an emergency and is compelled to act instantly to avoid an accident or injury, is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice; and whether he used reasonable care under the circumstances is ordinarily a question for the jury.

14. AUTOMOBILES—*Evidence—Appeal and Error—Position Taken in the Trial Court.*—In the instant case, an action arising out of an automobile accident, plaintiff testified that defendant swerved his car to the left on the occasion of the accident to avoid some children who suddenly ran into the road. Defendant, however, and his witnesses emphatically denied this and maintained that he kept his car close to the right side. Having taken that position in the trial court,

and the jury having settled all conflicts in the evidence against him, defendant cannot be heard on appeal in an attempt to take advantage of plaintiff's testimony with respect to this question of fact.

15.  NEGLIGENCE—*Contributory Negligence—Connection between Negligence and Injury.*—The established rule is, that before an illegal act or omission can be held to be contributory negligence, it must appear that there was causal connection between such act or omission and the injury, and the mere collateral wrong-doing of the plaintiff cannot of itself defeat his right to recover where it did not proximately contribute to his injury.

16.  NEGLIGENCE—*Contributory Negligence—Connection between Negligence and Injury—Automobiles—Case at Bar.*—In the instant case, an action arising out of an automobile accident, an instruction that if plaintiff was driving at a greater rate of speed than fifteen miles an hour at the time of the accident he was guilty of contributory negligence was properly refused, where it appeared from the evidence that the rate of speed at which plaintiff was driving—twenty or twenty-five miles an hour—in no way contributed to the accident nor had any connection therewith.

Error to a judgment of the Corporation Court of the city of Hopewell, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*J. Toomer Garrow* and *Jacob H. Lavenstein,* for the plaintiff in error.

*David H. Harrison,* for the defendant in error.

CHINN, J., delivered the opinion of the court.

Clifford B. Maile brought an action, by notice of motion, against Harry H. Lavenstein and George Stutz, to recover for damage to said Maile's automobile, resulting from a collision alleged to have been caused by the negligence of the defendants. In the court below there was a judgment in favor of the defendant Stutz,

and a verdict and judgment against Lavenstein, who has brought the case here upon a writ of error.

It appears that Lavenstein and Maile were driving their respective automobiles from Hopewell to Petersburg on the highway connecting those cities, Maile's car following that driven by Lavenstein at a distance variously estimated at from thirty to fifty feet. On approaching the intersection of the Petersburg-Hopewell highway with the Cedar Level road, which branched off to their right, a Ford truck, owned by said Stutz, but driven by another person whose name is not given, approached rapidly from the opposite direction, struck the left rear fender of Lavenstein's car with its left front wheel, and collided violently with Maile's car, thereby causing the last named automobile extensive damage.

Plaintiff's cause of action against Stutz was based upon the ground that at the time of the accident the Ford truck was being driven in a reckless and negligent manner; and his cause of action against Lavenstein based upon the ground that the collision between the Ford and his own car was caused by the previous impact between said truck and Lavenstein's car, and that the last named collision was due to the fact that Lavenstein was negligently driving on the wrong side of the road, and thereby contributed to the damages sustained by the plaintiff.

It is assigned as error that the demurrer to the amended notice of motion should have been sustained for the reason that it did not set forth sufficient facts to charge Lavenstein with any liability in law. We think the notice was substantially sufficient, but if any additional facts were necessary to give said defendant the proper information they appear to have been supplied by the bill of particulars furnished by plaintiff, according to Lavenstein's request.

[1] It appears that after the plaintiff had rested his case in chief, the defendant, Stutz, demurred to the evidence on the ground that no evidence had been produced to show that the driver of the Ford truck was said Stutz's agent or was acting for him at the time of the accident; whereupon counsel for the plaintiff asked leave to recall plaintiff as a witness for the purpose of supplying proof of such agency, but the court refused to permit this to be done on the ground that the plaintiff had closed his case, and forthwith sustained the demurrer. The defendant, Lavenstein, then moved the court to permit the jury to retire and assess plaintiff's damages against Stutz, subject to the ruling of the court on said demurrer, before proceeding further with the trial of the case. This motion was denied by the court, and the ruling is assigned as error. It is expressly provided by the statute (section 6117 of the Code) that when the evidence is demurred to, the court shall "allow the demurree to withdraw his joinder in such demurrer and introduce new evidence, or suffer a nonsuit, at any time before the jury retire from the bar." It was, therefore, error on the part of the court in refusing to permit the plaintiff to introduce additional evidence against the defendant Stutz, under the circumstances; but, although the plaintiff in the court below might have complained of this action, we fail to see how Lavenstein could have been prejudiced by this ruling, or the court's refusal to permit the jury to assess damages against Stutz upon the demurrer to the evidence before the case was further proceeded with.

[2] In *Riverside Cotton Mills* v. *Lanier*, 102 Va. 148, 45 S. E. 875, it was held: "The general rule is that any number of tort feasors may be joined in the same action, where all are alleged to have participated in the wrong. They may be used jointly or severally, at the election

of the plaintiff; and that is true notwithstanding there may exist a difference in the decree of liability, or the *quantum* of evidence necessary to establish such liability."

[3] "When the negligence of two or more persons concurs in producing a single indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design, or concert of action." *Walton, Witten & Graham* v. *Miller*, 109 Va. 210, 63 S. E. 458, 132 Am. St. Rep. 908; *Carlton* v. *Boudar*, 118 Va. 521, 88 S. E. 174, 4 A. L. R. 1480.

[4] In the light of these well established rules, the plaintiff in the court below was clearly entitled to proceed against both or either of the said defendants; or having originally proceeded against both, to have suffered a non-suit or dismissed his action as to either one of them, at his election. Lavenstein could not be held liable in any course of procedure the plaintiff may have seen fit to adopt, unless it is shown that his negligence caused or concurred in the wrong complained of. He, therefore, suffered no prejudice in the premises, and the said assignment of error is without merit.

Another of the assignments is, that the court erred in refusing to set aside the verdict of the jury on the ground that the same is contrary to the law and the evidence.

The practically undisputed facts as shown by the evidence are that the road referred to at the point of the accident consisted of concrete construction fourteen feet in width, with a dirt extension, eight or more feet wide, on each side; that the Ford truck was being driven at excessive speed, and, before meeting Lavenstein's car, turned to the right off the concrete so that the right wheels of the truck were two or three feet over on the dirt portion of the road; that in passing

Lavenstein the driver of the truck attempted to bring his machine back on the concrete before he had allowed Lavenstein time to get by—"cut back on the road too quick"—in consequence whereof the left front wheel of the truck struck Lavenstein's rear fender, which "jammed" said wheel and caused the truck to skid violently across the road and run into Maile's car, and practically demolish it. The only material conflict in the evidence is in regard to Lavenstein's conduct and the position of his car at the time the truck collided with him.

[5] On this point it was testified by Maile that just before Lavenstein met the truck he swerved his car to the left of the road to such an extent that the truck was forced partly off the concrete; and testified by Lavenstein and his witnesses that he did not turn to the left but, at the time it came in contact with the truck, his car was well over on the right side of the concrete roadway. The question of fact presented by this conflict in the evidence was exclusively for the determination of the jury, and it having been resolved by the verdict in plaintiff's favor, we are bound to accept it as conclusively established that at the time Lavenstein's car collided with the truck he was driving on the left side of said concrete roadway.

In view of the above facts and circumstances, as conceded or established by the verdict of the jury, it appears manifest that but for the negligence of the driver of the Ford truck in proceeding at an excessive rate of speed, and in turning his machine back on the concrete before Lavenstein had sufficient time to pass, the accident would not have happened; but it is as equally apparent that if Lavenstein had kept to the right side of the road, the collision between his car and the truck, which collision was the direct cause of the accident, would not have occurred.

The question is, therefore, whether Lavenstein's con-
duct in driving his car over to the left of the center of
concrete, as hereinbefore stated, constitutes such con-
current negligence on his part as to render him liable
for the damages sustained by the plaintiff, Maile.    The
statute on the subject (section 4739 of the Code) which
is relied on by defendant in error, so far as pertinent,
reads as follows:

"Any driver of a vehicle meeting any other vehicle
on a road or bridge shall seasonably drive to the right-
hand, so that each may pass the other without inter-
ference;    *    *    *    *."

[6] It is well settled that where the violation of a
statute or ordinance is the proximate cause of the in-
jury, or contributed thereto, the wrongdoer is liable
therefor.    *Petersburg R. Co.* v. *Hite*, 81 Va. 767; *South-
ern R. Co.* v. *Cooper*, 98 Va. 299, 36 S. E. 388; *Edwards*
v. *Laurel Branch C. Co.*, 133 Va. 534, 114 S. E. 108.

[7, 8] There is also a rule of the road, promulgated
by the State Highway Commission pursuant to author-
ity conferred by statute, which reads:

"(b) All vehicles or implements, horse-drawn or
otherwise, when being driven on the State highways,
upon meeting others, shall turn to the right of the
center of the highway so as to pass without interfer-
ence," etc.

It does not appear from the record that this rule was
invoked by the plaintiff in the lower court, but it was
applied by the Supreme Court of Appeals in the case
of *Bryant* v. *Fox's Admr.*, 135 Va. 296, 116 S. E. 459,
and in view of the fact that the rule was promulgated
by duly constituted authority for the safety of the
traveling public, we see no good reason why it should
not be applicable to any case arising from a violation
of its provisions.    We are, therefore, of the opinion

that Lavenstein was guilty of negligence in driving his car on the left-hand side of the road, as the jury must have found that he did, and that such negligence contributed to the damage sustained by plaintiff's car on account of the collision with the Ford truck belonging to Stutz.

[9] " 'If the concurrent negligence of two or more persons combined together results in an injury to a third person he may recover from either or all. And in determining the liability of either of two persons whose concurrent negligence results in injury, the comparative degrees of negligence are not to be considered, each being liable for the whole even though the other was equally culpable, or contributed in a greater degree to the injury, or the degrees of care used, is not to be considered. And where the negligent conduct of several at the same time and place combined in causing an injury, they acting in concert, all are liable, although they did not conduct themselves negligently by preconcert. *  *  *.' " *Starcher South Penn Oil Co.,* 81 W. Va. 587, 606, 95 S. E. 28, 35.

"Where separate and independent acts of negligence of two parties are the direct cause of a single injury to a third person, and it is impossible to determine in what proportion each contributed to the injury, either is responsible for the whole injury; and this although his act alone might not have caused the entire injury, and although without fault on his part, the same damage would have resulted from the act of another." *Arminius Chemical Co.* v. *Landrum,* 113 Va. 7, 73 S. E. 459, 38 L. R. A. (N. S.) 272, Ann. Cas. 1913D, 1075; *Carolina, C. & O. Ry.* v. *Hill,* 119 Va. 416, 89 S. E. 902.

[10] "If the injuries caused by the concurrent acts of two persons are plainly separable, so that the damages caused by each can be distinguished, each would be

liable only for the damage which he caused; but if this is not the case, all persons who contribute to the injury by their negligence are liable jointly and severally for the whole damage." *Carlton* v. *Boudar*, 118 Va. 521, 88 S. E. 174, 4 A. L. R. 1480.

[11] If the jury believed that Lavenstein's car was struck by the truck, then it was for them to decide whether the damages to Maile's car resulted from the concurrence of Lavenstein's negligence or solely from the negligence of the driver of the truck, and having found against Lavenstein their verdict is conclusive under the evidence in the case.

[12, 13] It is argued that if it be contended that Lavenstein was driving too near the left side of the concrete, the truck had ample room to pass on the dirt section of the road. This appears to be true; but it must be kept in mind that the concrete was placed there for the use of the public traveling on the highway in both directions, was wide enough to allow automobiles to pass each other in safety, and one driver had no greater rights on the concrete than the other. It was Lavenstein's duty, therefore, to keep to the right-hand side of the concrete when the truck was passing his car.

We do not wish to be understood as saying that there could be no case in which an automobile driver would not be guilty of negligence in driving to the left of the road when meeting another car, even in violation of the law of the road. There are numerous decisions which wisely and justly hold to the contrary under the emergency rule, which may be generally stated to be: That an automobile driver, who by the negligence of another, and not by his own negligence, is suddenly confronted by an emergency and is compelled to act instantly to avoid an accident or injury, is not guilty

of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice; and whether he used reasonable care under the circumstances is ordinarily a question for the jury.

Many of the authorities which might be cited in support of this rule may be found collated in a note to the case of *Southall* v. *Smith* (151 La. 967, 92 So. 402),. 27 A. L. R. 1197. See also *Chapman* v. *Hines*, 134 Va. 274, 115 S. E. 373.

[14] In this case the plaintiff Maile testified that Lavenstein swerved his car to the left on the occasion of the accident to avoid some children who had suddenly run out of a store on the roadside, but Lavenstein and his witnesses emphatically denied this, and stoutly maintained that he kept his car close to right side of the concrete without any variation therefrom. Having taken that position in the trial court, and the jury having settled all conflicts in the evidence, he cannot now be heard in an attempt to take advantage of plaintiff's testimony with respect to this question of fact.

It is contended that the court erred in giving, over the objection of the plaintiff in error, instruction 3, and in refusing to give instruction 4, as follows:

"3. The court instructs the jury that if they believe that the defendant Lavenstein drove his car to the left, of the center of the road at the time the Stutz car was passing and that this action on the part of Lavenstein caused the collision with the Stutz car and that this collision caused the Stutz car to run into and collide with the plaintiff's car they shall find for the plaintiff.

"4. The court instructs the jury that if they believe from the evidence that the plaintiff, Mr. Maile, was at the time of the accident driving at a greater rate of speed than fifteen miles an hour, that he is guilty of

contributory negligence and you should find for the defendant Lavenstein."

The objections made to instruction 3 are that there was no evidence to support it, and that it is misleading. We think the questions involved in these objections have been sufficiently discussed in reference to the motion to set aside the verdict, and it is, therefore, useless to prolong this opinion by further comment upon them, except to say that reading it in connection with the instructions given for the defendant as appearing in the record, Lavenstein could not possibly have been prejudiced by this instruction, even if taken by itself it might have tended to mislead the jury.

We are also of the opinion that the court was right in refusing instruction 4, as offered, and the objection to that instruction is without merit.

[15] The established rule is that before an illegal act or omission can be held to be contributory negligence, it must appear that there was causal connection between such act or omission and the injury, and the mere collateral wrong-doing of the plaintiff cannot of itself defeat his right to recover where it did not proximately contribute to his injury. *Carlton* v. *Boudar*, 118 Va. 521, 88 S. E. 174, 4 A. L. R. 1480; *Southern Ry. Co.* v. *Rice's Admx.*, 115 Va. 235, 78 S. E. 592.

[16] The evidence fails to show either directly or inferentially that the rate of speed at which Maile was driving—twenty or twenty-five miles an hour—in any way contributed to the accident in question, or had any connection therewith, and such being the case he cannot be denied recovery because he was driving at a greater speed than fifteen miles an hour when the accident occurred. It appears that he had been driving for some distance behind Lavenstein and at the same rate of speed, had made no effort to pass the car ahead

of him, and when struck by the truck was approximately 125 feet from the intersection of the Cedar Level road.

The other assignments of error having been necessarily disposed of by the conclusions herein announced, need not be adverted to. The only question presented for determination in this case is that of Lavenstein's liability to Maile. We have not, therefore, undertaken to consider or to decide whether or not Stutz or the driver of his truck is liable to Lavenstein either under section 5779 of the Code or otherwise.

For the reasons stated, the judgment of the lower court will have to be affirmed.

*Affirmed.*

CHRISTIAN J., dissenting:

I find myself unable to concur in the opinion in this case, and as our difference is due to the application of the law to the facts in the case, I think I should briefly set forth my reasons for this dissent.

There is no difference between the negligence of the plaintiff and defendant; negligence is denominated in law as contributory and concurring, or proximate and remote, according to their causal relation to the injury.

If Lavenstein was guilty of negligence in violating the law of the road, before such negligence could be actionable, for injury to the car of Maile (which was behind him), there must have been some direct casual connection between his conduct and the injury. If while Lavenstein was negligent the Stutz driver negligently drove into his rear fender and skidded into the Maile car, thereby injuring same, in law, the negligence of the truck driver was the independent, direct and proximate cause of the damage to Maile's car, and the previous negligence of Lavenstein neither the con-

tributory nor direct and proximate cause of the injury; therefore, he was in no sense liable for the damage done. *Southern Railway Company* v. *Bailey*, 110 Va. 845, 67 S. E. 365, 27 L. R. A. (N. S.) 379; *Edwards* v. *Laurel Branch C. Co.*, 133 Va. 534, 114 S. E. 108.