# Richmond

RICHARD LAMBERT v. EARL ALLEN.

January 16, 1950.

Record No. 3585.

Present, Hudgins, C. J., and Eggleston, Buchanan, Staples and Miller, JJ.

The opinion states the case.

*William C. Nemeth, Alfred W. Trueax* and *Roswell P. Waldo*, for the plaintiff in error.

*Armistead L. Boothe* and *William W. Koontz*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Richard Lambert, while walking along the edge of the paved portion of State Highway No. 7, about two miles west of Tyson's Corner, in Fairfax county, was struck and badly injured by an automobile driven by Earl Allen and proceeding in the opposite direction. Lambert sued Allen to recover damages for his injuries and at the conclusion of all of the evidence the trial court, being of opinion that it was not sufficient to sustain a verdict for the plaintiff, struck the evidence with the result that a verdict and judgment for the defendant necessarily followed. To review this ruling the present writ was allowed.

There is little conflict in the evidence. The accident occurred "about dark" on the evening of August 9, 1947, at a time when the passing cars had their headlights on. Because, as he said, the shoulder was wet, the plaintiff elected to walk eastwardly along the northern edge of the paved portion of the highway. The defendant, Allen, was driving westwardly in the northern lane of the hard surface of the road. The width of the paved portion of the road is not shown, but according to the plaintiff it was sufficient to accommodate three or "maybe" four cars. At the point of collision the road is straight and level.

The only eyewitnesses to the collision were the plaintiff and the defendant. Perhaps due to the severity of his injuries, the plaintiff's recollection and statement of just how the accident occurred is confusing and unsatisfactory. Although he did not know whether the defendant's car had its lights on, the plaintiff said he saw the car approaching or meeting him "a right good distance away," that it was being driven "fast," and was "in the middle of the road."

As the defendant's car approached, the plaintiff heard another car overtaking him (the plaintiff) and going east. Just as the two cars got abreast of each other the driver of the eastbound car sounded his horn and at that moment the plaintiff was struck by one of the cars and lost consciousness. It is not clear from his testimony that he knew which of the cars struck him. However, it is admitted that it was the defendant's car.

The defendant, Allen, testified that he was driving westwardly in the northern or his right-hand lane of the road, with his dim headlights on. Although he knew that pedestrians frequently walked along the highway in that locality, he said that he did not see the plaintiff until the moment before the impact, when the plaintiff was directly in front of the car and too close for him (the defendant) to avoid the collision. He attributed his failure to see the plaintiff earlier to the fact that his vision was blinded by the headlights of the approaching eastbound car, which, he said, passed his car just before the impact.

The right front of the Allen car struck the plaintiff, knocking him to the pavement. After the impact the defendant stopped his car within thirty-six feet on the hard surface, and returned to the plaintiff who was lying on the northern edge of the pavement.

We need not stop to inquire whether the evidence would have supported a finding that the defendant, Allen, was guilty of any negligence which was the proximate cause of the collision, for it is apparent that the plaintiff was guilty of contributory negligence which bars his recovery.

As has been said, the plaintiff testified that he observed the approaching Allen car when it was "a right good distance away" and saw that "he was driving fast." He heard the other car approaching from the rear. He should have seen that the two cars were going to pass each other dangerously close to him, and that the westbound Allen car was being driven in the lane in which he was walking. Yet he continued ahead in this lane when only a step to the left would

have put him on the shoulder and in a place of safety. He could have taken this step at any time up to the moment before the impact, and had he taken it the collision would have been avoided.

Clearly, his chance or opportunity to avoid the collision was, to say the least, equal to that of the driver of the car. Or, to put the matter another way, even if the driver be guilty of negligence this did not relieve the plaintiff of the duty of avoiding the collision if he had the opportunity of doing so up to the moment of the collision. The controlling principles are well fixed and are stated in *South Hill Motor Co.* v. *Gordon,* 172 Va. 193, 200 S. E. 637, and *Anderson* v. *Payne,* 189 Va. 712, 54 S. E. (2d) 82.

We agree with the trial court that the evidence adduced was insufficient to support a verdict for the plaintiff and should have been stricken. Accordingly the judgment is

*Affirmed.*