# Staunton

EFFIE MAYS FEIN, ADMINISTRATRIX, ETC. v. C. R. WADE.

September 6, 1950.

Record No. 3658.

Present, Hudgins, C. J., and Gregory, Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*T. W. Messick* and *S. R. Price*, for the plaintiff in error.

*Fred B. Gentry* and *John H. Locke*, for the defendant in error.

MILLER, J., delivered the opinion of the court.

On October 9, 1948, at about 9:30 o'clock p.m., Elbert Harry Mays was walking in an easterly direction along the northern edge of the hard surface of U. S. Route #460, at a point approximately a quarter of a mile east of the city of Roanoke. He was struck and killed by an automobile driven by defendant in error, C. R. Wade, who was proceeding in a westerly direction along the north or right side of the road.

In this area the highway extends generally in an easterly and westerly direction. The hard surfaced portion is thirty feet in width and divided into three traffic lanes. It is bordered on each side by dirt and gravel shoulders about three feet wide, which are level and reasonably fit for pedestrian use.

At the place where the accident happened, as one travels westwardly, the road curves but not so sharply as to obstruct or affect the vision of a pedestrian or motorist traveling in either direction. The night was clear and moonlit, and the visibility reasonably good for that hour and under those conditions.

There was no living witness to the tragedy other than defendant in error. His testimony was that as he neared the spot where the accident occurred, he was driving at about thirty-five miles per hour with the headlights of his automobile on low beam, but his vision became somewhat obscured by the lights of a car approaching from the west. He did not observe decedent who was walking towards him along the northern edge of the hard surface until his car and decedent were about eight or ten feet apart. Though he says he attempted to turn his car to the left and so prevent the accident, decedent did nothing to avoid being struck and made no move other than "reaching for his hat." He was struck by the right hand fender of the automobile.

Upon these facts the trial court instructed the jury on the rights of the respective parties upon the highway and

submitted the issues of primary negligence and contributory negligence. At the instance of plaintiff, it also submitted the case to the jury under the doctrine of last clear chance.

From a judgment confirming a verdict which denied recovery, this writ of error was awarded.

The administratrix asserts that the facts and circumstances proved were insufficient to establish contributory negligence. She assigns as error the submission of that issue to the jury. The refusal of Instructions Nos. 2, 3, and 4 offered by the administratrix, and the giving of Instructions D and F on behalf of defendant in error are also complained of.

In reliance upon section 2154 (126) (f), Code, 1942, sec. 46-247, Code, 1950, which requires pedestrians to face vehicular traffic while walking along the highway, it is contended that in walking upon the left edge of the hard surfaced part of the roadway, decedent was complying with that mandate and was therefore free from contributory negligence.

The section reads:

"(f) Pedestrians shall not use the highways, other than the side-walks thereof, for travel, except when obliged to do so by the absence of sidewalk, reasonable, suitable and passable for their use, in which case they shall keep as near as reasonably possible to the extreme left side or edge of same."

*Stuart* v. *Coates*, 186 Va. 227, 42 S. E. (2d) 311, is cited to sustain this position. There it is said:

"Defendant's argument is that this language forbids the pedestrian to walk on the edge of the hard surface, and required him to walk on the edge of 'the natural boundary of the highway or the usable portion of such highway as generally accepted by the public.' We do not agree with this view. * * *"

On the other hand, defendant in error calls attention to the decision of *Crouse* v. *Pugh*, 188 Va. 156, 49 S. E. (2d) 421, 4 A. L. R. (2d) 1242, as authority for the contention that decedent should have walked upon the usable north

shoulder of the road and was guilty of negligence in failing to .do so.

We need not now concern ourselves with further discussion and interpretation of section 2154 (126) (f), Code, 1942, sec. 46-247, Code, 1950* (and cognate sections) other than to say that it is apparent that one of its paramount objects in requiring that the pedestrian walk facing vehicular traffic approaching on that half of the road is that he may more readily see an oncoming vehicle and thus be in a better position to avail himself of his opportunities to avoid the dangers of the road. *Saunders* v. *Temple*, 154 Va. 714, 153 S. E. 691. And even if it should be conceded that under the facts presented in this case, he was complying with the then terms of the statute by walking on the northern edge of the hard surfaced part of the highway (which, however, we need not and do not now determine), yet that would not absolve him of the duty to use ordinary care and take reasonable precautions to protect himself from an oncoming vehicle and obvious danger.

The evidence, defendant in error says, is ample to establish decedent's negligence because it definitely tends to prove the following facts:

The lights of the approaching vehicle could have been readily seen by the pedestrian several hundred feet before the car reached him. Yet he failed to exercise reasonable precaution for self-preservation by stepping aside or removing himself from the path of the oncoming vehicle when it was or should have been evident to any reasonable person that 'unless he did so or the vehicle changed its course, an accident was inevitable. Without knowing whether or not the driver had seen him and would turn aside and avoid striking him, he nevertheless elected to maintain his position on the highway until too late to avoid being.struck, though at any time until the moment before the mishap, a mere step or two to the left would have placed

---

*Section 2154 (126) (f), Code, 1942, sec. 46-247, Code, 1950, was amended by Acts, 1950, ch. 433, at p. 850.

him off the hard surface and upon the shoulder of the road and thus in a position of safety. Had he exercised this simple and imperative precaution for self-preservation at any time after the lights of the oncoming car became visible several hundred feet away, the tragedy would have been averted. When one is under an obligation to keep a lookout as was decedent, what the proved facts disclose he must have seen had he looked, the jury are justified in concluding he did see, or that he negligently failed to look.

Whether or not a pedestrian walking along a street or highway who is struck by a motor vehicle approaching from his front with its lights plainly visible has used reasonable care for his own safety is ordinarily a question to be determined by a jury. The circumstances usually attendant upon such a happening more often than not create a factual question and give rise to reasonable inferences which render it proper to submit the issues of negligence and contributory negligence to a jury for determination. It is a pedestrian's duty to exercise ordinary care at all times and if under the circumstances looking and heeding what he sees is a part of that duty, he is guilty of negligence if he fails to look or to heed and avoid what he sees if a man of ordinary prudence would and should have done so.

Even though decedent enjoyed a statutory right to walk where he was (which we need not decide), that did not mean that he had an absolute license to maintain his position on the highway regardless of approaching vehicles when ordinary prudence should have prompted him to step aside. *South Hill Motor Co.* v. *Gordon*, 172 Va. 193, 200 S. E. 637, and *Lambert* v. *Allen*, 190 Va. 317, 57 S. E. (2d) 39. Any conduct or omission which would not have been indulged in by a reasonably careful person under the circumstances and conditions obtaining constitutes lack of prudence and amounts to negligence on the pedestrian's part. If such conduct or omission efficiently contributes to the mishap, it bars recovery. He is negligent when he omits to do such things as reason, ordinary care and natural instinct for self-

preservation would suggest for his own protection. Measured by these standards, the evidence was ample to prove contributory negligence.

Plaintiff in error's objections to the court's refusal to give Instructions Nos. 2, 3 and 4 were also based upon the contention that the evidence was insufficient to submit the issue of contributory negligence to the jury. The exception in each instance is, "that there is absolutely no evidence in this case that the plaintiff was guilty of contributory negligence at all that contributed to his injury and death."

As we have already concluded that reasonable men might have found that decedent was, under the facts and circumstances shown, to have been guilty of contributory negligence, it necessarily follows that the trial court was correct in refusing these three instructions which took from the jury that issue.

Instruction F given over the objection of plaintiff in error submitted to the jury the question of whether or not decedent was guilty of negligence that caused or contributed to his death. Under the evidence, this was justified.

Instruction D given at the instance of defendant in error and over the objection of the administratrix follows:

"The Court instructs the jury that if you believe from the evidence in this case that the accident which resulted in the death of plaintiff's intestate was occasioned by the concurring negligence of both the plaintiff's intestate and the defendant, which has contributed as a proximate cause of the accident complained of, there can be no recovery, as courts will not undertake to balance the negligence of the respective parties, where both have been at fault, in order to ascertain which one is most at fault."

In addition to complaint that the instruction allowed a finding that decedent was guilty of contributory negligence (which objection we have determined was without merit), it is asserted that it ignored the doctrine of last clear chance, and was a finding instruction and thus in effect in conflict with a last clear chance instruction that

had been given at the instance of the administratrix. The instruction which was given under that doctrine had been objected to by defendant in error on the ground that the evidence wholly failed to disclose a set of facts that justified its invocation. With that we agree. Viewed in the light most favorable to decedent, the evidence fails to establish that at any time immediately prior to the accident decedent was helpless or unconscious of the impending danger. He merely unwittingly, carelessly and in disregard of the dictates of self-preservation failed to remove himself from the path of the oncoming car and so avoid an obvious danger. Under such circumstances, the doctrine of last clear chance is wholly inapplicable. *Lanier* v. *Johnson*, 190 Va. 1, 55 S. E. (2d) 442.

As no instruction should have been given on the doctrine of last clear chance, we have no difficulty in concluding that Instruction D was proper and amply justified. Though the court erred in giving the instruction which submitted to the jury the right of the plaintiff to recover under the last clear chance doctrine, that error was in the administratrix's favor and brought about at her instance and she is thus in no position to complain.

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*