# Staunton

## WILLIAM JAMES MOON v. HENRY R. HILL.

September 10, 1965.

Record No. 6006.

Present, All the Justices.

438

*Henry M. Sackett, Jr. (Williams, Robertson & Sackett,* on brief), for the plaintiff in error.

*Paul Whitehead,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

Henry R. Hill, plaintiff, filed his motion for judgment against William James Moon, defendant, for damages for personal injuries suffered by the plaintiff when an automobile driven by the defendant collided with a pickup truck occupied by the plaintiff. The defendant filed a cross-claim for personal injuries sustained by him in the collision. A jury returned a verdict for the plaintiff in the sum of $40,000, and in plaintiff's favor also on defendant's cross-claim. The court entered judgments in accordance with the verdict and defendant has appealed.

Defendant made six assignments of error which he says in his brief present the principal questions: (1) whether as a matter of law defendant was guilty of any negligence which was a proximate cause of the accident, or whether plaintiff was guilty of negligence which proximately contributed to the accident; and (2) whether the court erred in refusing Instructions F and F-2, offered by the defendant.

The accident happened about 6:55 p.m., February 9, 1963, on U. S. Highway 60, about nine miles west of the town of Amherst, in Amherst county. The highway in that area ran generally east and west. Defendant was going west and driving a car owned by his brother, in which the brother, the brother's wife and their small son were passengers. Hill, the plaintiff, a maintenance superintendent for the State Highway Department, lived in his home a short distance north of the highway. A gravel driveway led from his home into the highway and spread out to a width of 45 feet at its junction with the road.

Photographs of the scene of the accident were introduced and also a plat made by an engineer showing a section of the highway

to the east and to the west of the Hill entrance. The hard surface of the highway was 20 feet wide with shoulders six feet wide, which widened on the north side to eight feet near plaintiff's entrance and to twelve feet in the intersection. The engineer testified that from the entrance there was an unobstructed view of the road westward for a thousand feet. The road was straight for a distance of 625 feet west of the entrance, at which point there was a curve to the right of the traveler going west.

As the jury could have appraised the evidence, it disclosed the following facts:

Just before the accident the plaintiff got into his pickup truck expecting to drive east on Highway 60 to attend to his official duties. The turnaround in the driveway in front of his house was blocked by two other vehicles, and he backed down his driveway so his truck faced eastwardly and stopped within the driveway about parallel to the highway, with his right wheels four feet from the hard surface. Before he stopped backing he saw lights coming around the curve to the east and when he stopped the lights were 300 to 400 feet away, too close for him to try to cross and enter the eastbound lane. The lights of his truck were on low beam as he waited. As the approaching car came closer, he saw its lights begin to bounce as if the car were on rough surface, and then it hit him. When he was struck his truck was standing just where he stopped. He had not yet straightened his wheels to go forward and they were still turned as they were when he backed to face eastward. The shoulder of the road at that point was five feet wide, he thought, and his right wheels might have been a foot on the shoulder. Plaintiff's truck was knocked thirty to fifty feet west by the force of the collision and defendant's car was lodged against a tree at the west end of plaintiff's driveway with its left wheels five to six feet north of the hard surface. On the ground opposite the right-hand door of the defendant's car was a pint bottle of whiskey with a small quantity removed. There were two beer cans outside and two inside of the defendant's car. There was an odor of alcohol on defendant's breath some two hours later in the hospital.

The brakes on the defendant's car had not been applied and within the driveway there was a ridge leading off from the hard surface and made by the left front wheel of the defendant's car.

Defendant's car had started leaving the hard surface 160 to 170 feet east of the point of collision and veered over into a ditch to its right, and when it reached the Hill entrance its right wheels were on the bank about twelve inches above the ditch.

There was no other traffic on the road. The weather was clear and the road was dry. Defendant testified that as he came around the curve east of the point of accident he was running between 45 and 50 miles an hour and had traveled fifteen or twenty car lengths on the straight stretch before he saw any lights, and then "all at once the lights hit me in the eyes—it was a glare, and I couldn't see." Yet, without applying his brakes or diminishing his speed, he drove off the hard surface to his right and struck the plaintiff's truck as it was standing in the driveway. In the hospital some two hours after the accident the defendant told the trooper that when he came around the curve he saw the headlights of the truck, which appeared to be on bright and they blinded him; that he "thought they would go some place and he kept driving and blew his horn and flashed his headlights up and down." He said nothing about applying his brakes.

There was ample evidence to establish that the defendant was guilty of negligence which was a proximate cause of the very serious injuries and disfigurement suffered by the plaintiff. *Greyhound Lines* v. *Brown*, 203 Va. 950, 128 S.E. 2d 267; *Allen* v. *Brooks*, 203 Va. 357, 124 S.E. 2d 18; *Unger, Adm'x* v. *Rackley*, 205 Va. 520, 138 S.E. 2d 1.

■ The defendant argues that as a matter of law the plaintiff was guilty of negligence which was a proximate cause of the accident.

He says, first, that the plaintiff violated his common law duty to avoid the foreseeable accident. He argues that the plaintiff, instead of backing and turning as he did, could have turned before reaching the highway and have headed into the highway at right angles so that his lights would not have shone into the eyes of the defendant. But the jury could answer that the plaintiff's lights were on low beam and turned so they did not shine in defendant's eyes, and that no reasonable person would have foreseen that under the circumstances described the driver of an approaching vehicle would drive off the hard surface and strike a vehicle sitting still four feet away from the hard surface.

Defendant next contends that plaintiff was negligent as a matter of law because he stopped his truck in violation of § 46.1-248 of the Code. Paragraph (a) of that section provides that: "No vehicle shall be stopped in such manner as to impede or render dangerous the use of the highway by others, * *." Paragraph (b) provides that: "No vehicle shall be stopped except close to and parallel to the right-hand edge of the curb or roadway * *."

This section, we think, has reference to stopping on the traveled portion of the highway and is not applicable to the facts of this case. Paragraph (a) provides that it does not apply to stopping in an emergency resulting from accident or breakdown, but in that event the vehicle shall be removed from the "roadway" to the shoulder as soon as possible and removed from the shoulder without unnecessary delay; and Paragraph (b) refers to stopping on the "roadway." Section 46.1-1 (10a) defines "roadway" as "That portion of a highway improved, designed or ordinarily used for vehicular travel, exclusive of the shoulder * *."

Next, defendant argues that plaintiff violated § 46.1-273 of the Code, which provides that when a vehicle is parked so that its headlights will glare into the eyes of the driver of a vehicle approaching upon a highway, the driver of the parked vehicle shall dim his lights. The plaintiff testified that he tested his lights before he started backing and then put them on dim and they stayed that way until the time of the collision. That issue was specifically submitted to the jury by an instruction given at the instance of the defendant.

Additionally defendant asserts that plaintiff violated § 46.1-223 of the Code, which provides that the driver of a vehicle entering a public highway from a private road, driveway, alley or building "shall stop immediately before entering such highway * * and, upon entering such highway * * shall yield the right of way to all vehicles approaching on such public highway * *."

There was evidence that the right of way of Highway 60 at the point of accident was sixty feet wide and, therefore, extended ten feet beyond the hard surface and four feet beyond the six-foot shoulder on the north side. Hence, the plaintiff's driveway extended about four feet into the right of way. Defendant cites *Hall, Adm'x v. Miles* (1956), 197 Va. 644, 90 S.E. 2d 815, as defining "public highway" to mean "the whole surface, not merely the hard surface, or only the main traveled part of the highway,"* and argues that plaintiff thus backed into the highway without stopping and made "his turning movement prematurely before completely crossing the westbound lane and without yielding to the defendant the unobstructed use of the westbound lane."

In the *Hall* case the defendant backed her car out of her driveway and ran over a child whom she did not see in the street. Between

---

* Present Code § 46.1-1 (10), Acts 1958, ch. 541, defines "highway" as being "The entire width between the boundary lines of every way or place of whatever nature open to the use of the public for purposes of vehicular travel in this State, including the streets, alleys and publicly maintained parking lots in counties, cities and towns."

defendant's property line on the street and the paved portion of the street was a ditch which was filled at the end of defendant's driveway to allow passage. When defendant started backing, the rear of her car was estimated as being from four-tenths of a foot to ten feet from the street line. There was a verdict for the defendant, and plaintiff's main contention was that the court erred in refusing two instructions which would have told the jury that if the rear of the defendant's car was approximately ten feet from the ditch it was the duty of defendant to stop immediately before crossing the ditch onto the paved portion of the street. We held that there was no error in refusing the two instructions; that the car was in a stopped position immediately before it entered the public highway, and "To start, stop and start again a vehicle about to enter a public highway, under such circumstances, is beyond the object of the statute. Nor do the statutes require a car to be brought to a stop within the boundary lines of a public highway before entering upon its hard surface. The words 'public highway' mean the whole surface, not merely the hard surface, or only the main traveled part of the highway.

"Moreover, it was not shown that the failure of defendant to stop her car after she started to back was the proximate cause of the accident."

Neither was it shown that the plaintiff's failure to stop before he entered the outside limit of the right of way was a proximate cause of this accident. The court instructed the jury, at the behest of the defendant, that if the plaintiff was entering a public highway from a private driveway, it was his duty to stop immediately before entering and to yield the right of way to a vehicle lawfully approaching on the public highway, and if he failed to do so, and such failure solely caused or proximately contributed to the accident, the jury should find for the defendant. Plaintiff's testimony was that he saw the defendant's car coming beyond the curve and he yielded the right of way to the defendant and sat still in his truck with his lights on dim to await the passage of the approaching car. The jury were warranted in finding that the failure of the plaintiff to stop before entering the right of way was not a proximate cause of the collision. *Hubbard* v. *Murray*, 173 Va. 448, 3 S.E. 2d 397; *Powell* v. *Virginian Ry. Co.*, 187 Va. 384, 46 S.E. 2d 429; *Crist* v. *Fitzgerald*, 189 Va. 109, 52 S.E. 2d 145; *Richardson* v. *Lovvorn*, 199 Va. 688, 101 S.E. 2d 511.

In *Rue* v. *Wendland*, 226 Minn. 449, 33 N.W. 2d 593, cited by defendant, a somewhat similar situation was involved and the court

held that the evidence presented fact questions for the jury. The court there expressed the view that "An act or omission from which no injury should be anticipated is not negligent."

Finally, defendant asserts that the court erred in refusing his Instructions F and F-2.

Instruction F would have told the jury that if the plaintiff stopped or parked his truck so that his headlights shone into the eyes of the defendant, then defendant had the right to assume that plaintiff would dim or low beam such lights "so that the glaring rays would not be projected into his eyes," and that defendant had the right to proceed on that assumption until he knew or reasonably should have known otherwise.

If such an assumption could properly be relied on in any case, it is not applicable in this case. Defendant did not contend that he made or relied on such assumption. To the contrary, he testified that as he came around the curve at 45 to 50 miles an hour, and when he was between 75 and 100 feet away, all at once the lights hit him in the eyes and he could not see; and then, he said, he dimmed his lights and cut to the right, made an unsuccessful attempt to apply his brakes and hit plaintiff head on. Additionally, the court gave for defendant Instruction F-1, which told the jury it was plaintiff's duty to use reasonable care not to stop his truck so as to impede or render dangerous the use of the highway by others; and also gave for defendant Instruction E, which informed the jury that if plaintiff stopped or parked his car so that his headlights shone into the eyes of the defendant, it was plaintiff's duty to dim or low beam his lights so that glaring rays would not be projected into defendant's eyes, and that if plaintiff failed to do so he was guilty of negligence. Instruction F was properly refused.

Instruction F-2 would have told the jury that it was plaintiff's duty "not to stop his motor vehicle except close to and parallel to the right hand edge of the roadway," and if he failed to do so he was guilty of negligence. Defendant argues that he was entitled to this instruction under § 46.1-248 (b), discussed above. That provision of the statute was not applicable to the facts of this case and it was not error to refuse the instruction.

The instructions given fully and fairly defined the rights and duties of the parties.

We find no reversible error and the judgment appealed from is accordingly

*Affirmed.*