## Richmond

IRENE BANKS JOHNSON v. RACHEAL WILMOTH.

June 10, 1968.

Record No. 6693.

Present, All the Justices.

*Alvin B. Fox; Louis Ellenson (Ellenson and Fox,* on brief), for plaintiff in error.

*J. Segar Gravatt* for defendant in error.

CARRICO, J., delivered the opinion of the court.

Irene Banks Johnson, the plaintiff, filed a motion for judgment against Racheal Wilmoth, the defendant, seeking to recover damages

for personal injuries allegedly sustained by the plaintiff when she was struck, while a pedestrian, by an automobile operated by the defendant.

The defendant filed grounds of defense denying negligence on her part and alleging that the plaintiff's own negligence caused or contributed to the injuries which were the subject of the action.

A jury trial resulted in a verdict in favor of the defendant. The trial court approved the verdict and entered final judgment thereon. The plaintiff was granted a writ of error.

The evidence shows that the accident occurred after dark on the evening of November 8, 1964, on State Route 652, near Arvonia in Buckingham County. Route 652 is a two-lane paved road, 16 feet wide, running east and west. A church is located on the south side of the road near the accident scene, and just east of the church is a hillcrest, beyond which the road runs downgrade in an easterly direction.

The accident took place "20 or 25 yards" east of the hillcrest. At that point, the headlights of a vehicle approaching from the west are visible for "75 to 100 yards." The dirt shoulder on the south side of the road where the accident occurred is level for 18 inches, and "then it tapers off" into a ditch, located 36 inches from the edge of the pavement.

The plaintiff was walking with her husband in a westerly direction, facing traffic, on the shoulder on the south side of the road, proceeding upgrade toward the hillcrest en route to church. She stopped and conversed with her daughter and son-in-law, who were seated in an automobile that had "come along the road," apparently headed west, and halted. The plaintiff had completed her conversation when she saw lights approaching from the west.

The defendant, accompanied by her husband, was driving her automobile in an easterly direction on Route 652 at a speed of 35 to 40 m.p.h. when she arrived in the neighborhood of the church. She saw pedestrians walking on the shoulder of the road, and she applied her brakes and slowed her vehicle. As she cleared the hillcrest east of the church, she was blinded by the lights of an oncoming vehicle shining "brightly" in her eyes. She dimmed her lights and "gradually" applied her brakes. Just as she passed by the other vehicle, she felt "a slight bump," and her husband said, "you hit somebody." She stopped her car, got out, and walked back to where the plaintiff "was in the ditch with her husband holding her up on her feet."

The plaintiff insisted in her testimony that she was "on the dirt shoulder" when she was struck by the defendant's automobile. The plaintiff was asked why she did not "get out of the way," and she said, "There wasn't anywhere to go" except to "jump in the ditch" and it "was a deep ditch." She admitted that the only injury she suffered was to her right arm and that her husband "was able to stand on the shoulder and not get hit."

The defendant was just as insistent in her testimony that her vehicle "never left the hard top" at the time of the accident; and the state trooper who investigated the accident found "no tracks on the shoulder . . . made by a motor vehicle." The defendant testified that she did not know where the plaintiff was at the time the latter was struck because she "did not see her." The husband of the defendant testified that he saw the plaintiff "standing behind" her husband when she was struck, but could not say whether she was "on the shoulder or on the hard surface," although she was nearer "to the hard surface" than her husband, who was not struck.

The plaintiff first contends that the trial court erred in submitting to the jury the issues of the defendant's negligence and of the plaintiff's contributory negligence. The evidence showed, as a matter of law, the plaintiff says, that the defendant was guilty of negligence and that she, the plaintiff, was free of contributory negligence. The defendant contends that the trial court acted properly in submitting the issues to the jury.

The plaintiff argues that the defendant was negligent, as a matter of law, because she "continued to operate her automobile when she was, for all intents and purposes, a blind person," and notwithstanding "her complete lack of control of the automobile under these circumstances, she did not bring her vehicle to a stop, or pull off the road, or rapidly apply her brakes as she had ample opportunity to do."

One of the grounds upon which the plaintiff presently bases her claim of negligence against the defendant is quite different from that asserted in her motion for judgment. There, she alleged that the defendant was negligent because she "without warning, recklessly drove the said vehicle off the paved road, onto the dirt shoulder immediately adjacent thereto, striking the plaintiff." Now the plaintiff says that the defendant was negligent because she did not "pull off the road," a position quite inconsistent with that advanced in the motion for judgment, and one not entitled to further comment. We focus our attention, therefore, upon the plaintiff's argument that the

defendant was negligent, as a matter of law, because she "did not bring her vehicle to a stop . . . or rapidly apply her brakes."

In some jurisdictions, it is held that when the vision of a motorist is temporarily impaired by glaring lights, it is his duty to stop or he proceeds at his peril and for his failure to see a discernible object in the road, he is liable for resulting injury, as a matter of law. See Annotation, 22 A.L.R. 2d 292, at 300.

In Virginia, however, we do not follow a rule of such strict liability because "[t]o hold as a matter of law that one must come to a stop when lights interfere is to say that he must not travel at night." That observation was made in the case of *Howe v. Jones*, 162 Va. 442, 446, 174 S. E. 764, 765 (1934), where this court approved as a "fair statement of the duty which rests upon . . . drivers on highways" a quotation from *Williams v. State*, 161 Md. 39, 155 A. 339, 345 (1931) as follows:

> " ' . . . When the vision of the driver of a car is so obstructed or obscured by the bright lights of a car approaching from the opposite direction that he cannot see any one in the road in front of him, it is the duty of a driver in the exercise of ordinary and reasonable care to increase his diligence to avoid injury to any one who might rightfully be on the road in front of him.' " 162 Va., at 447, 174 S. E., at 765.

In other words, the rule in Virginia in such cases is one of reasonable care; and since, as the *Howe* opinion states, reasonable care is a standard determining the duty required in varying factual situations, "its presence or absence is preeminently a jury question." 162 Va., at 446, 174 S. E., at 765.

See also *Moon v. Hill*, 206 Va. 437, 440, 143 S. E. 2d 892, 895 (1965); *Body, Fender and Brake Corp. v. Matter*, 172 Va. 26, 30-31, 200 S. E. 589, 590 (1939); and *Ferguson v. Virginia Tractor Co.*, 170 Va. 486, 489-493, 197 S. E. 438, 439-441 (1938).

Here, there was credible evidence that when the defendant observed pedestrians on the road near the church, she applied her brakes and slowed her automobile from the lawful rate of speed she had been traveling. Then, when she cleared the hillcrest and was blinded by the bright lights of an oncoming vehicle, at a point only "25 or 30 yards" from where the accident occurred, she dimmed her own lights and again applied her brakes, further decreasing her speed. Under these circumstances, it was for the jury to say whether the defendant

did or did not exercise reasonable care to avoid injuring the plaintiff.

So too, in our opinion, was it for the jury to decide whether the plaintiff exercised due care for her own safety. In *Fein* v. *Wade*, 191 Va. 203, 209, 61 S. E. 2d 29, 31-32 (1950), we said:

> "Whether or not a pedestrian walking along a street or highway who is struck by a motor vehicle approaching from his front with its lights plainly visible has used reasonable care for his own safety is ordinarily a question to be determined by a jury. The circumstances usually attendant upon such a happening more often than not create a factual question and give rise to reasonable inferences which render it proper to submit the issues of negligence and contributory negligence to a jury for detemination. It is a pedestrian's duty to exercise ordinary care at all times and if under the circumstances looking and heeding what he sees is a part of that duty, he is guilty of negligence if he fails to look or to heed and avoid what he sees if a man of ordinary prudence would and should have done so."

Here, the plaintiff saw the headlights of the approaching automobile of the defendant and knew, or should have known, that it was meeting another vehicle, in all probability the same vehicle occupied by the daughter and son-in-law of the plaintiff, with whom she had just conversed. Notwithstanding this, the plaintiff admittedly did nothing to protect herself from injury.

The plaintiff attempts to excuse her failure to act by saying that she "was not blindly walking along this shoulder" and "there was absolutely nothing she could do" because the shoulder was only 18 inches wide, "beyond this point there was a deep ditch," and "she could not perform a miracle and have the ground swallow her up."

The jury was not bound to find that the plaintiff was on the shoulder when she was struck, in view of the positive statement of the defendant that her vehicle did not leave the hard surface of the road. But, assuming that the plaintiff was on the shoulder, the evidence was amply sufficient to permit the jury to conclude that the plaintiff did not heed and take reasonable action to avoid the danger present, as a person of ordinary prudence should have done.

There was evidence before the jury that the injuries of the plaintiff were confined to her right forearm, wrist, and hand and that her husband, who was "standing in front of her . . . did not get hit." That evidence was enough to justify the inference that only a slight

movement by the plaintiff of her arm, or a shift in the angle of her body, or a step to the outer limits of the 18-inch dirt shoulder, would have saved her from injury.

█ The final contention of the plaintiff is that the court erred in granting Instruction D, which was worded as follows:

> "It was the duty of the plaintiff as she walked along the highway to exercise ordinary care for her own safety and protection and to look and listen for approaching vehicles proceeding in dangerous proximity to her and to step from her course into a place of safety if it reasonably appeared that he (*sic*) was in danger of being struck.
>
> "And if the jury believe from the evidence that the plaintiff violated any of the foregoing duties, then she was negligent; and if you further believe from the evidence that any such violation was the sole proximate cause of his (*sic*) being struck, or that it proximately contributed thereto, then you chall (*sic*) return your verdict in favor of the defendant." [1]

The plaintiff argues that the trial court should have rejected the instruction in its entirety because the evidence established conclusively that there was no place of safety to which the plaintiff could have removed herself, and the language of the instruction assumed that there was such a place. Failing such rejection, the plaintiff says, the court should have amended the instruction to require the jury to find, as a matter of fact, that there was such a place of safety.

The argument of the plaintiff fails, of course, with the failure of her basic premise that the evidence established conclusively that there was no place of safety to which she could have removed herself. As has been demonstrated, the evidence did not warrant such a conclusive determination but permitted, instead, the jury's finding that the dirt shoulder afforded a place of safety and that only slight action by the plaintiff, far short of jumping or stepping into the ditch, would have saved her from injury.

The instruction, rather than assuming that there was a place of safety to which the plaintiff could have removed herself, clearly told the jury that she was required to act at all only in discharge of the

---

[1] The instruction is contained in Doubles, Emroch, and Merhige, 1 Virginia Practice, § 32.14, p. 276, and was approved in *Whitfield* v. *Dunn*, 202 Va. 472, 475, 117 S. E. 2d 710, 712 (1961).

duty of exercising ordinary care for her own safety. The instruction, even without amendment, left the jury completely free to find that the exercise of ordinary care did not require the plaintiff to "jump in the ditch" and to find that she was not negligent for failing to do so, if the jury chose to take the view that such action would have provided her only means of escape.

There was no error in the granting of Instruction D, or in the actions of the trial court in submitting the issues of negligence and contributory negligence to the jury. Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*