# Richmond

THOMAS L. POWELL v. VIRGINIAN RAILWAY COMPANY, ETC.

March 1, 1948.

Record No. 3287.

Present, All the Justices.

The opinion states the case.

*H. H. Watson, R. E. Garland* and *Fielding L. Wilson,* for the plaintiff in error.

*Leigh D. Williams, Watkins & Brock* and *Walter C. Plunkett,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff, Powell, brought suit against Virginian Railway Company for injuries to himself and damage to his automobile caused by a collision with a loaded coal car, which he claimed the defendant had negligently left standing at night, unlighted and unattended, on the highway on which he was driving. The verdict of the jury was for the defendant, on which the court entered judgment. We are asked to reverse this judgment for error in instructions given for the defendant.

The accident happened on State Highway No. 360, at a place called Virso, where a railroad siding, composed of two tracks, crosses No. 360 at grade. This siding connects the Virginian Railway Company tracks on the north of the highway with the tracks of the Southern Railway Company on the south. The tracks of these two railroads, at the point of accident, approximately parallel the highway, the Virginian on the north and the Southern on the south, each a short distance from the highway.

Highway No. 360 runs in a general easterly direction from Keysville to Burkeville, and at Virso, between those points, where the collision occurred, it runs almost due east and west. From the Virginian tracks the siding extends to the Southern tracks in a southwesterly direction, so that in crossing the highway it makes an obtuse angle with the center line of the highway on the west, or Keysville side, from which the plaintiff was approaching. From the maps in evidence the two siding tracks appear to be about ten feet apart where they strike the northern edge of the

pavement and gradually converge toward the southern edge. The two rails of each track are five feet apart.

Shortly before daylight, on the morning of September 7, 1945, the exact hour being in dispute, the defendant placed eleven coal cars on one of these side tracks and five on the other, so that one of the cars, without lights and unattended, as stated, projected into the highway from the north side. There is a conflict in the evidence as to which of the two tracks this car was on. There is also a conflict as to how far it projected into the road.

The evidence for the plaintiff was to the effect that he, with two companions, was driving his automobile from Keysville toward Burkeville, west to east, on the morning of the accident, and reached the crossing between five and five-thirty o'clock; that the morning was very dark and very foggy, "as black as I ever saw it," said one of his companions; that the plaintiff was driving at fifteen to twenty miles an hour, and on account of the fog had his lights on the low beam; that he could see only a few feet in front of him and was using the white line in the road to guide him, and "noticed the edge of the road some;" that he did not see the signs warning of the railroad crossing and did not know he was on the crossing when the accident happened and did not see the car with which he collided. The plaintiff's statement about the immediate happening was this:

"You see, before you get to that place, the white line runs out, and I noticed the side of the road. About that time it hit, and I did not remember anything else for a few minutes."

The pavement of the road is twenty feet wide at the point of accident. As the road approaches the crossing from the west, as plaintiff was traveling, there is a double white line which breaks off fifteen feet from the nearest rail and begins again on the opposite side of the tracks about fifty-five feet away. Because of the angle of the tracks across the road, the eastern, or far, corner of the coal car as the plaintiff approached, projected eight and

one-half feet farther south than the west, or near, corner. The plaintiff collided with the far corner and if this car projected into the road five feet and was on the near, or west, track, the white lines stopped about thirty-eight feet from the corner collided with, and fifty-eight feet from the far corner if the car was on the east track.

The evidence for the plaintiff was that the coal car he collided with was on the east, or far, track, and that the corner which he struck projected from six to eighteen inches over the center line of the highway on to his right-hand side of the road.

The evidence for the defendant was that the cars were placed on the siding between six and six-thirty that morning; that the car with which the plaintiff collided was on the west track, that is, the one first reached by the plaintiff; that its east corner, with which plaintiff collided, by measurement, projected five feet from the north, or plaintiff's left side of the highway, on to the hard surface of the road, which would leave fifteen feet from there to the southern side of the pavement; and that it was not too dark or too foggy for the plaintiff to have seen the car he collided with if he had exercised proper care.

The main error assigned by the plaintiff is to the giving of Instruction No. 23, at the instance of defendant, as follows:

"The Court instructs the jury that if you believe by a preponderance of the evidence that the coal car was to the north of the center line of the highway at the time of the accident, you shall find for the defendant."

The giving of the instruction was based on the view that since Code, sections 2154 (112), 2154 (113) and 2154 (114), require that motor vehicles be driven on the right side of the highway, the violation of that requirement is negligence; hence, if the coal car was on plaintiff's left side of the road he could not have collided with it without driving on his left side of the road, which violated the statute and was, therefore, negligence.

It will be observed that the instruction is a finding

instruction which must state a complete case and embrace all elements necessary to support a verdict. *Outlaw* v. *Pearce*, 176 Va. 458, 469, 11 S. E. (2d) 600.

It will also be observed that it told the jury in effect that if the plaintiff drove to his left of the center line of the highway at the time of the accident, that alone barred his recovery, without reference to whether that deviation was slight or great, and without reference to whether it was a proximate or remote cause of the accident, and without reference to whether there was any excuse for his so doing.

There was evidence from one of defendant's witnesses that the coal car was "mighty near to the white line," and that "it was mighty foggy that morning;" and evidence for the plaintiff that it was very dark and very foggy, and the white line had ceased to guide him.

We think the giving of the instruction was error in view of the evidence.

It is true we have held in a number of cases that violation of the place of travel statutes under the facts of those cases was negligence. *Sheckler* v. *Anderson*, 182 Va. 701, 29 S. E. (2d) 867, and cases there cited.

But while the violation of such statutes is negligence, it does not necessarily follow that such negligence will as a matter of law prevent a recovery by the plaintiff. There must be a causal connection between the violation of the statute and the injury, otherwise the violation is immaterial; and unless it is shown that the plaintiff's violation was a proximate or concurring cause which contributed directly to his injury, he is not thereby barred from a recovery.

"The established rule is that before an illegal act or omission can be held to be contributory negligence, it must appear that there was causal connection between such act or omission and the injury, and the mere collateral wrong-doing of the plaintiff cannot of itself defeat his right to recover where it did not proximately contribute to his injury. *Carlton* v. *Boudar*, 118 Va. 521, 88 S. E. 174, 4 A. L. R. 1480; *Southern R. Co.* v. *Rice*, 115 Va. 235,

78 S. E. 592." *Lavenstein* v. *Maile*, 146 Va. 789, 801, 132 S. E. 844.

■ "The violation of a statute, of itself does not necessarily constitute such negligence as will establish the existence of the principle of proximate cause. * * *." *Gregory* v. *Daniel*, 173 Va. 442, 445, 4 S. E. (2d) 786.

■ "* * * It is the well-settled law of this State that unless it is shown that his violation of a statute was the proximate or contributing cause of the injury the plaintiff is not barred from a right to recover. *Kinsey* v. *Brugh*, 157 Va. 407, 161 S. E. 41; *Chesapeake, etc., R. Co.* v. *Barlow*, 155 Va. 863, 156 S. E. 397." *Bray* v. *Boston Lbr., etc., Corp.*, 161 Va. 686, 692, 172 S. E. 296.

■ A plaintiff seeking to recover damages for an injury caused by the negligence of a defendant must himself be free from negligence; but this general rule "* * * is subject to the qualification that where the negligence of the defendant is the proximate cause of the injury and that of the plaintiff the remote cause the plaintiff may recover, notwithstanding his negligence * * *.

"The burden was on the defendant to prove not only that the plaintiff was violating the statute at the time of the collision, but that such violation was a proximate cause, a direct, efficient, contributing cause of the injury. * * *." *Kinsey* v. *Brugh*, 157 Va. 407, 412, 161 S. E. 41.

In those and similar cases the violation of the statute was relied on by those for whose benefit the statute was enacted, and who were within the class for whose protection it was designed. Here there is an additional reason against holding that the alleged violation of the statute was necessarily and as a matter of law a proximate cause of the collision.

■ ■ Statutes requiring drivers of vehicles to proceed on their right half of the highway are statutes intended to regulate traffic and to protect those using the roads for travel. It was not within the intendment of the

statutes to give protection to a railroad company in storing its railroad cars on the public highway, of which the public is ordinarily entitled to full and free use in its full length and breadth. *Radford* v. *Calhoun*, 165 Va. 24, 181 S. E. 345, 100 A. L. R. 1378. A railroad company making use of a highway for that purpose is not within the class for whose protection this law of travel was enacted; and if it negligently blocks half of a highway with a freight car, it is not protected as a matter of law from liability to a person who collides with it, solely because such person violated a statute requiring him to drive on the other side of the highway.

In *Morris* v. *Dame*, 161 Va. 545, 171 S. E. 662, in referring to the statute requiring signals to be given by the driver of a vehicle before making a right or left turn at a road intersection, Mr. Justice Epes for the court said:

"* * * These provisions of the statute create a *general* duty on the part of drivers of motor vehicles to give the prescribed signal before making a left or right turn at a road intersection. But a failure to give the signal cannot be actionable negligence as to any particular person unless the facts and circumstances of the case are such that the duty to give the signal has become a particular duty owing to that person as an individual.

"For the *general* duty imposed by the statute to become a particular duty owing to a particular person, he must be in a position which, under a reasonable construction and interpretation of the statute, brings him within the particular class of persons for whose protection from injury these provisions of it were enacted. When the general duty imposed by the statute has become a particular duty owing to a particular person, the failure to give the prescribed signal becomes actionable negligence as to him, provided (1) that the failure to comply with the statute is not excusable, and (2) that the failure to give the required signal is the proximate cause of an injury to him which is one of the conse-

quences contemplated by this provision of the statute and that it was intended to prevent." (161 Va. 566-67).[1]

In *Standard Oil Co. v. Roberts,* 130 Va. 532, 107 S. E. 838, the plaintiff was injured while riding on the running board of a street car, in violation of an ordinance, by colliding with the wagon of the defendant which had been left standing in the street, also in violation of an ordinance. As directly applying to the point under discussion, the opinion by Judge Prentis in that case said this:

"There is no conclusive presumption of law that the ordinance relating to passengers standing on the running boards of street cars was clearly intended to prevent such an injury as the plaintiff suffered, or that the defendant was clearly within the class for whose protection this ordinance was designed. One apparent purpose of this ordinance was to prevent injuries which were likely to arise directly out of the operation of the street cars, and it may be fairly questioned whether it was intended to prevent an injury from an entirely independent cause. Its violation therefore cannot be held to create an absolute bar to this action, which arises out of the alleged negligent violation by the defendant of the other ordinance which prohibits the leaving of horses in the streets unattended." 130 Va. 538-39.

It was further said in that case (130 Va. at pp. 536-37): "The question involved is whether the violation of an ordinance, which certainly, either as a cause or condition, bears some relation to the plaintiff's injury, is a matter of law contributory negligence, or is merely evidence tending to show such contributory negligence. That case" (referring to *Southern R. Co. v. Rice,* 115 Va. 235, 78 S. E. 592)

[1] See also: *Hamilton v. Glemming, ante,* p. 309, 46 S. E. (2d) 438; 38 Am. Jur., Negligence, section 163, p. 834; 5 Am. Jur., Automobiles, section 409, p. 741; 45 C. J., Negligence, section 113, p. 727; Annotation, 36 Am. St. Rep. 807, 815, 817; *Salvitti v. Throppe,* 343 Pa. 642, 23 A. (2d) 445; *Rampon v. Washington Water Power Co.,* 94 Wash. 438, 162 P. 514; *Denton v. Missouri, etc., R. Co.,* 90 Kan. 51, 133 P. 558, 47 L. R. A. (N. S.) 820, and note at p. 823; *Jeffords v. Florence County,* 165 S. C. 15, 162 S. E. 574, 81 A. L. R. 313.

"clearly holds that if an act which is prohibited by city ordinance, directly contributes to the injury as a proximate and concurring cause, then the plaintiff cannot recover. The jury is not permitted to decide whether or not the violation of an ordinance under such circumstances is negligence. Manifestly, such a violation is negligence, and the jury should be clearly told so; leaving them to determine, in proper cases, whether considering all the attendant circumstances such negligent unlawful act of the plaintiff was a concurring, contributing and efficient cause of the injury."

Here, according to the plaintiff's evidence, the attendant circumstances were the presence of darkness and fog, the sudden ending of the white line which he had been relying on to guide him, and that he had no reason to suppose that he would encounter a railroad car occupying part of the road.

As was said in *Wyatt* v. *Chesapeake, etc., Tel. Co.,* 158 Va. 470, 479, 163 S. E. 370, 82 A. L. R. 386, " * * * negligence carries with it liability for consequences which, in the light of attendant circumstances, could reasonably have been anticipated by a prudent man, but not for casualties which, though possible, were wholly improbable. One is not charged with foreseeing that which could not be expected to happen." See *Hubbard* v. *Murray,* 173 Va. 448, 3 S. E. (2d) 397.

Instruction No. 23 took away from the jury, and determined as a matter of law, the question whether the alleged violation of the statute by the plaintiff was a proximate cause of the accident. This question should have been left to the jury to determine.

It is true, of course, that from the viewpoint of the defendant's evidence if the plaintiff had been driving on the right half of the highway the accident would not have occurred; but the situation is quite parallel in that respect to the one in *Standard Oil Co.* v. *Roberts, supra* (130 Va. at p. 539), of which it was said:

" * * * While unquestionably true that the primary cause, without which the injury would not have occurred,

was the backing of the wagon, it must nevertheless also be conceded that the position of the plaintiff on the running board was the circumstance or condition without which the injury would not have happened. Whether the position of the plaintiff upon the running board was a mere condition, or attendant circumstance, of the injury, or was itself a concurring or contributing cause thereto, is an elusive and difficult question about which minds of equal intelligence differ." It was held that whether the position assumed by the plaintiff was a proximate cause of the accident should have been submitted to the jury.

In *Edwards* v. *Laurel Branch Coal Co.*, 133 Va. 534, 555, 114 S. E. 108, it was said: " * * * The general rule, however, at least in this State, and we think in most jurisdictions, is that to constitute actionable negligence there must be a direct causal connection, other than the mere violation of the statute, between the prohibited conduct and the injury; and whether such causal connection does exist is usually a question for the jury. The rule in general is fully discussed in the case of *Standard Oil Co.* v. *Roberts*, 130 Va. 532, 107 S. E. 838. We were dealing there with a plaintiff's violation of an ordinance as constituting contributory negligence, but the same principle was involved as here, and the general rule announced as above stated."

Plaintiff also complains of the court's refusal to grant his Instructions Nos. 4 and 10. The theory stated in Instruction No. 4 was better and sufficiently stated in plaintiff's Instruction No. 2. The principle in Instruction No. 10 was adequately covered by plaintiff's Instruction No. 9. There was no error in these rulings.

For the error stated, the judgment is reversed and the case is remanded for a new trial to be had in accordance with the views herein expressed.

*Reversed and remanded.*