ABDUL WALID KARIM, ETC., ET AL.

V.

CHARLES GROVER, ET AL.

Record No. 850863

June 10, 1988

Present: All the Justices

*Craig C. Reilly (Stephen C. Greenberg; Murphy, McGettigan & West, P.C.*, on briefs), for appellants.

*Robert W. Lewis (Roy D. Turner; Lewis, Wilson, Lewis & Jones, Ltd.*, on brief), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

The sole question in this appeal is whether the trial court erred in striking the plaintiffs' evidence on the ground that, as a matter of law, the infant plaintiff was guilty of negligence that was a proximate cause of the damages suffered by the infant and his father.

Abdul Walid Karim (Karim), an infant, and his father, Mohammed Karim (collectively, the plaintiffs), sued Charles Grover and his employer, W-E Trucking Company, Ltd. (collectively, Grover), to recover damages allegedly caused by Grover's negligent operation of a motor vehicle. The son suffered personal injuries, and the father sustained damages resulting from medical expenses incurred on behalf of his son and from the loss of his son's services.

The case was tried to a jury, and at the conclusion of the plaintiffs' evidence-in-chief, the trial court struck the plaintiffs' evidence and entered summary judgment for Grover. This appeal ensued.

On the morning of October 18, 1982, "[a]round 7:00 o'clock," Karim, age 14, was riding his bicycle from his home to a school in

Arlington County. The weather was clear. Although Karim testified that "[i]t was before sunrise," he also stated that "[i]t was not light and it was not dark."

Karim was travelling south on Dinwiddie Street at a speed of 15 to 20 miles per hour. Dinwiddie Street has single northbound and southbound lanes for vehicular travel. As Karim proceeded downhill around a curve, he saw a dump truck proceeding north on Dinwiddie Street. The truck was "close to the intersection" of Dinwiddie Street and Eighth Road. Karim was approximately 200 feet north of the intersection when he first saw the truck. The truck, operated by Grover, was in its proper lane.

Karim's bicycle was not equipped with a lamp on the front, but it had orange reflectors mounted on the pedals and on the spokes of the wheels. Karim was wearing a light-blue jacket. He could "see the truck clearly" from a distance of 200 feet.

Karim's bicycle and Grover's truck collided as Grover was making a left turn onto Eighth Road across Karim's lane of travel. Karim gave the following description of the accident: "[A]s I was approaching the intersection, suddenly this truck made a left turn." When asked if he had tried to avoid the collision, Karim responded, "I couldn't, it was too late."

The trial court concluded that Karim's failure to have a lamp on the front of his bicycle in violation of Code § 46.1-263* constituted negligence *per se*. The court also concluded that, as a matter of law, Karim's violation of the statute barred a recovery.

When a defendant relies upon contributory negligence as a defense, he has the burden of proving by the greater weight of the evidence not only that the plaintiff was negligent, *Burks* v. *Webb, Administratrix*, 199 Va. 296, 307, 99 S.E.2d 629, 638 (1957), but also "that his negligence was a proximate cause, a direct, efficient contributing cause of the accident," *Whitfield* v. *Dunn*, 202 Va. 472, 477, 117 S.E.2d 710, 714 (1961); *accord Powell* v. *Virginian Railway Co.*, 187 Va. 384, 390-91, 46 S.E.2d 429, 432 (1948). Thus, while the violation of a statute regulating traffic constitutes negligence,

---

* Code § 46.1-263, in pertinent part, provides that "[e]very bicycle . . . when in use between sunset and sunrise shall be equipped with a lamp on the front which shall emit a white light visible in clear weather from a distance of at least five hundred feet to the front."

it does not necessarily follow that such negligence will as a matter of law prevent a recovery by the plaintiff. There must be a causal connection between the violation of the statute and the injury, otherwise the violation is immaterial; and unless it is shown that the plaintiff's violation was a proximate or concurring cause which contributed directly to his injury, he is not thereby barred from a recovery.

*Powell*, 187 Va. at 390, 46 S.E.2d at 432; *accord Bray* v. *Boston, etc., Corp.*, 161 Va. 686, 692, 172 S.E. 296, 298 (1934); *Lavenstein* v. *Maile*, 146 Va. 789, 801, 132 S.E. 844, 848 (1926).

■ Ordinarily, the issue of proximate cause is a question of fact for resolution by a jury. It becomes a question of law for decision by a court only when reasonable minds cannot differ about the result. *Litchford* v. *Hancock*, 232 Va. 496, 499, 352 S.E.2d 335, 337 (1987).

■ Moreover, when the sufficiency of a plaintiff's evidence is challenged by a motion to strike, a trial court must view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the plaintiff and resolve any reasonable doubt as to the evidence's sufficiency in the plaintiff's favor. *Von Lubowiecki* v. *Donnell*, 235 Va. 131, 134, 366 S.E.2d 90, 92 (1988). Indeed, where, as here, the sufficiency of a plaintiff's evidence is challenged at the conclusion of his case-in-chief, "the trial court should in every case overrule the motion where there is any doubt on the question." *Brown* v. *Koulizakis*, 229 Va. 524, 531, 331 S.E.2d 440, 445 (1985); *see Williams* v. *Vaughan*, 214 Va. 307, 309, 199 S.E.2d 515, 517 (1973).

Grover contends on appeal, as he did at trial, that Karim's violation of Code § 46.1-263 was negligence *per se*, which, as a matter of law, bars a recovery. Grover relies primarily upon *White* v. *John Doe*, 207 Va. 276, 148 S.E.2d 797 (1966).

In *White*, a policeman operating a motorcycle was pursuing a speeding automobile. As the policeman came alongside the left rear wheel of the automobile in an effort to stop the vehicle, the driver suddenly turned the automobile left onto an intersecting street. The policeman had to stop his motorcycle abruptly to avoid a collision, and in so doing he was thrown to the ground and injured.

■ Then, as now, Code § 46.1-190(e) provided in pertinent part that "[a] person shall be guilty of reckless driving who shall . . .

[o]vertake or pass any other vehicle proceeding in the same direction . . . at any intersection of highways . . . ." We noted in *White* that the violation of one or more of the statutes defining reckless driving constitutes "negligence sufficient to support a civil action if such negligence was the proximate cause of the injury or damage sustained." *Id.* at 280, 148 S.E.2d at 799-800 (quoting *Richardson v. Commonwealth*, 192 Va. 55, 56, 63 S.E.2d 731, 732 (1951)). We held in *White* that "[b]y his action in overtaking the defendant's vehicle at the intersection, the plaintiff contributed directly to his own injuries," and therefore, he was guilty of contributory negligence as a matter of law. 207 Va. at 280, 148 S.E.2d at 800.

▆ The facts in the present case, however, are quite different from those in *White*. In *White*, the motorcyclist-plaintiff approached the automobile from the rear. We observed that "[i]t was not shown whether the defendant was aware that the plaintiff was attempting to apprehend him or whether the defendant was even aware of the plaintiff's presence at the left side of his automobile." *Id.* at 278, 148 S.E.2d at 798. In the present case, however, Karim saw Grover from a distance of 200 feet. Although the record does not disclose whether the truck headlights were burning, a fact finder reasonably could conclude that Grover saw or should have seen Karim from the same distance. If, under these circumstances, Grover turned into Karim's lane of travel, a jury reasonably could conclude that Grover's negligence was the proximate cause of Karim's injuries.

The present case is similar to *Kinsey v. Brugh*, 157 Va. 407, 161 S.E. 41 (1931). There, the plaintiff was driving a buggy on a highway at night without displaying a lighted lamp or lantern, in violation of a statute. The defendant was operating a truck equipped with headlights that illuminated the road for a distance of 200 feet. The defendant, travelling in the same direction as the plaintiff, struck the buggy from the rear and injured the plaintiff. A jury returned a verdict for the plaintiff, which the trial court refused to set aside.

In *Kinsey*, we noted that one who violates a statute is not barred from a recovery unless such violation is a proximate cause of the injury. In affirming the judgment of the trial court, we noted that "[t]he burden was on the defendant to prove not only that the plaintiff was violating the statute at the time of the colli-

sion, but that such violation was a proximate cause . . . of the injury." *Id.* at 412, 161 S.E. at 42.

Considering the plaintiffs' evidence and all reasonable inferences deducible therefrom in the light most favorable to the plaintiffs, we conclude that reasonable minds could differ over whether Karim's violation of the statute was a proximate cause of the damages sustained by the plaintiffs. Accordingly, the judgment of the trial court will be reversed and the case remanded for further proceedings consistent with the view expressed in this opinion.

*Reversed and remanded.*